IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CLIFFTON L. JOHNSON,

    Plaintiff,

v.                                 CIVIL NO.: WDQ-10-0777

CSX TRANSPORTATION, INC.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Cliffton L. Johnson sued CSX Transportation, Inc. ("CSX") for additional back pay under an arbitration award issued by the National Railroad Adjustment Board (the "Board"). For the following reasons, CSX's motion to dismiss will be granted.

I.    Background[1]

CSX operates a major United States railroad. See ECF No. 15 at 2. On November 10, 2005, CSX charged Johnson, a locomotive engineer, with "insubordination" for failing to stop his train when instructed. See id.; id., Ex. A at 6-7.[2] On February 13, 2006, after holding a disciplinary hearing on the charge, CSX

---

[1] For CSX's motion to dismiss, the well-pled allegations in the complaint are accepted as true. See Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

[2] Johnson denies any wrongdoing. See ECF No. 17 at 2.

imposed a 60-day unpaid suspension on Johnson. *Id.*

In or before 2008, Johnson, represented by his union, appealed the suspension to the Board. ECF No. 15 at 3; *see id.*, Ex. A at 182-84. On March 27, 2008, the Board found that Johnson had been "careless" instead of insubordinate, and reduced his suspension to 30 days without pay. *Id.* at 184; ECF No. 15 at 3. The Board issued an award (the "Award") favorable to Johnson, and ordered CSX to make the Award effective within a certain time period. ECF No. 15, Ex. A at 184.[3]

On October 3, 2008, CSX paid Johnson $6,825.70 back pay. Compl., Ex. 1. CSX calculated this amount by dividing the pay Johnson had received over the previous year by 365, and multiplying the result by 30. Parmelee Decl. ¶ 5.[4]

Johnson asserts that his back pay should have been calculated at the rate of his most recent assignment, rather than the average of his earnings. *See* Compl. 1. At that rate, Johnson would have received $9,279.90--$2,454.20 more than he did. *Id.*

---

[3] Specifically, the Order provides:

> [The] Board, after consideration of the dispute identified above, hereby orders that an award favorable to [Johnson] be made. [CSX] is ordered to make the Award effective on or before 30 days following the postmark date the Award is transmitted to the parties.

ECF No. 15, Ex. A at 184.

[4] CSX usually calculates back pay this way because engineers' assignments and pay rates may fluctuate over the year. *See* Parmelee Decl. ¶¶ 5, 8; ECF No. 15 at 4.

2

On March 26, 2010, Johnson filed a pro se complaint against CSX to recover the difference in payment. On November 18, 2010, CSX moved to dismiss or for summary judgment. *See* ECF No. 15. On December 6, 2010, Johnson opposed that motion. ECF No. 17. On December 23, 2010, CSX filed its reply. ECF No. 19. On January 10, 2011, Johnson moved to file a surreply. ECF No. 20.

II. Analysis

A. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

3

To present a facially plausible complaint, a plaintiff must do more than "plead[] facts that are 'merely consistent with' a defendant's liability"; the facts as pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" the plaintiff is entitled to relief. *Id.* at 1950 (*quoting* Fed. R. Civ. P. 8(a)(2)).

"[W]he[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief." *Id.* (citation and internal quotation marks omitted).

The Court "should view the complaint in a light most favorable to the plaintiff," and "accept as true all well-pleaded allegations," *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), but the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "allegations that are mere[] conclus[ions], unwarranted deductions of fact, or unreasonable inferences," *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (citation and internal quotation marks omitted).

B. CSX's Motion

Johnson asserts that CSX used the wrong method to calculate his back pay, and he is owed $2,454.20. Compl. 1; ECF No. 17 at 3-4. CSX asserts that the Court lacks jurisdiction over this dispute because only the Board may interpret the Award, and CSX's calculation method "would be an issue for the [Board] on remand." ECF No. 15 at 5.[5]

The Board is a multi-carrier, multi-union board for the railroad industry that resolves carrier-employee disputes through arbitration. *Air Line Pilots Ass'n, Int'l v. U.S. Airways Group, Inc.*, 609 F.3d 338, 344-45 (4th Cir. 2010). Under the Railway Labor Act,[6] the Board's arbitration awards are "final and binding." 45 U.S.C. § 153 First (m). The scope of judicial review over Board decisions is "among the narrowest known to the law." *Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 92 (1978).

If a "dispute arises involving an interpretation of the award, the [Board] upon request of either party shall interpret the award in the light of the dispute." 45 U.S.C. § 153 First (m). Thus, courts may not interpret awards that are unclear about payment calculation; instead, the award must be remanded to the Board with instructions to clarify the ambiguity. *See,*

---

[5] CSX also asserts that it paid Johnson the correct amount under the Award. ECF No. 15 at 4.

[6] 45 U.S.C. §§ 151 *et seq.*

5

*e.g., Bhd. of R.R. Signalmen v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 444 F.2d 1270, 1271-74 (7th Cir. 1971).[7]

The Award did not instruct CSX how to calculate Johnson's back pay.[8] To determine whether Johnson should have been paid based on the rate of his average earnings or his most recent assignment would require the Court to interpret the Award and speculate about the calculation method the Board intended; the Court cannot do this.[9] Thus, CSX's motion to dismiss must be granted.[10] The Award will be remanded to the Board to determine the method CSX should have used to calculate Johnson's back pay.[11]

---

[7] *See also* 45 U.S.C. § 153 First (q) (district courts "may remand . . . proceedings to the [Board] for such further action as it may direct").

[8] *See* ECF No. 15, Ex. A at 184 (simply ordering CSX to make "an award favorable to [Johnson] effective [within a certain time period]"); *see also supra* p. 2 n.3.

[9] *See, e.g., Signalmen*, 444 F.2d at 1271-74 & n.3 (affirming remand of award that was "ambiguous" about whether the carrier was entitled to deduct the employee's outside earnings; the Board's order required clarification); *Miller v. Chi. & N.W. Transp. Co.*, No. 88 C 6567, 1988 WL 135553, at *1-*3 (N.D. Ill. Dec. 9, 1988) (remanding an award that was silent on the method of calculating the employee's back pay so that the Board could "interpret and clarify" it); *cf. United Transp. Union v. Patapsco & Back Rivers R.R. Co.*, 327 F. Supp. 608, 616-17 (D. Md. 1971) (remanding awards to a Special Board of Adjustment, an arbitration panel under the Railway Labor Act, to clarify the calculation of back pay; the awards provided no "clues" about the deductibility of certain earnings, and the Board--not the Court--should make those determinations).

[10] In Johnson's motion to file a surreply, which included the proposed surreply, he repeats his argument that the "calculation as to back pay was in error." ECF No. 20 at 2. As discussed in

III. Conclusion

For the reasons stated above, CSX's motion to dismiss will be granted.

6/30/11
Date

/s/ William D. Quarles, Jr.
William D. Quarles, Jr.
United States District Judge

---

Part II.B, only the Board may interpret the Award and decide the calculation method.

[11] Cf. *Patapsco*, 327 F. Supp. at 617 (remanding ambiguous awards for the determination of the single question presented (about calculation of back pay)).